Kirkpatrick C. J.
The constable, in his state of demand, sets forth that he had certain executions, in his hands, against one Samuel T. Lawrence, and that this Daniel Lawrence prevented him from taking his body, uPon these executions. If this were so, it subjected him to a criminal prosecution, and also to actions at the suit of the plaintiffs in these executions, respectively, but it gives the constable no action, unless it be for his own direct and personal injury. He cannot lump it in this way, and become the general avenger of other men’s wrongs. His giving his notes to those persons for the money due upon their executions, does not help him. No man, and especially an officer of the peace, can buy up other men’s quarrels. There are sundry other substantial reasons for reversal, but I rest upon this alone.
Southard J.
The state of demand sets out, that the plaintiff is one of the constables of Morris county; that G. A. Pitney, on the 23d December 1817, before D. Day, esq., obtained a judgment against S. T. LamAnce for $43.15, debt, and 63 cents, costs; that an execution was issued upon the judgment, on the 10th of March 1818, directed to the plaintiff, as one of the constables, &c., by means whereof a right accrued to the plaintiff to seize, arrest and take the body of said S. T. Lawrence; that in the lawful exercise of that right, he was obstructed and hindered, and molested, and altogether prevented, by the defendant; and by such obstruction, &c., the plaintiff was totally unable to seize, arrest, and take the body of S. T. Lawrence, and he escaped such rightful seizure, viz., on the 22nd January 1819. The plaintiff also complains, *953 that on the 20th of January 1818, justice Bay gave judgment against the same S. T. Lawrence, in favour of E. Byram - and N. Wilson, for $25.25, debt, and 53 cents, costs, and, on the 22nd of January 1819, issued an execution directed to the plaintiff, and that he was, in like manner, obstructed, &c., by which hindrance, &c., he was endamaged $90.
*This suit was commenced 12th of February 1819, and tried 27th February 1819. At the trial, a motion for a non-suit was made, because the executions, as stated by the plaintiff, did not authorize the arrest of 8. T Lawrence; and the motion was overruled. Plaintiff proved the hand-writing of G. A. Pitney, to a receipt, and the receipt was admitted ; both the receipt and mode of proof, being objected to. This receipt was in the following words: “Rec’d of John 8. Jones const, his note for forty-seven dollars and twenty-five cents, when pd. will be in full of an execution he has in my favr. agt. Saml. T. Lawrence dated 10 March 1818—Feby. 27th 1819—Chs.A. Pitney.” Plaintiff then offered Elias Byram, one of the firm of Byram & Wilson, to prove, that he had satisfied them, for their demand against 8. T. Jjawrence, for their execution. This evidence was objected to on the ground of the witness’ interest in the suit; but the justice swore the witness, on his voir dire, and he denying any interest, was sworn. There was also produced a receipt, but how proved does not appear, given by Byram & Wilson, for their execution, in the same form as that of Pitney's, and dated 27th February 1819, the day of the trial. There was a verdict and judgment for $75.19.
To the sufficiency of this judgment, several objections have been taken. I will state a part of them only in the view which I take of the case.
The complaint here, is, that the officer was obstructed in the lawful right to take the body of the defendant, and thus the defendant escaped. The first inquiry is, had he any such lawful right to take the body ? I think it manifest he had not.
Pitney’s execution was issued 10th March, 1818; the obstruction was on the 22nd •January, 1819. The constable had no right to take the body on such execution. The defendant might well have resisted him: he was *954 himself a trespasser, and a fit subject of punishment. improper conduct, ought not to be rewarded, by a verdict, giving him all the money due on the execution, The same remarks apply to the other execution. The judgment was given on the 20th January, 1818; the execution issued the 22nd January, 1819. The execution itself was, therefore, void. For, aiding in the escape of the defendant, upon either of these executions, Daniel Lawrence could not be criminally punished.
■ In the next place, if the constable had performed his duty, so *that he could complain of any body, he was not liable to the plaintiffs in the .execution. They had no right to call on him for the payment of the executions ; and if he chose voluntarily to come forward, and pay the plaintiffs, that affords no ground for calling on any one to compensate him: and if he had not done his duty, he surely can have no claim.
In the third place, there was a plain violation of law, in admitting Pitney’s receipt. It was not so proved, as to render it admissible in this action.
But, in the last place, for a resistance to a public officer, unless a personal injury is done to him, no civil action lies. The suit is radically wrong. And it certainly assumes the appearance of a combination, between the constable and plaintiffs, to extort the money from a third person, because they could not get it from the defendant.
Judgment unanimously reversed.